94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kim Venard CALLOWAY, Petitioner-Appellant,
v.
Steve BERRY, Warden, Respondent-Appellee.
 No. 95-6670.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1996.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Kim Venard Calloway, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Calloway was convicted following a 1991 jury trial of trafficking in cocaine. He entered a guilty plea to being a first degree persistent felony offender and was sentenced to ten years of imprisonment. His conviction and the denial of a motion for post-conviction relief were affirmed by the Kentucky Court of Appeals. Further review was denied by the Kentucky Supreme Court. The judgment did not specify whether it was to run concurrently with a previous seven-year sentence entered in 1987 or consecutively to it. At the time Calloway was convicted in 1991, he was on parole, and the Kentucky Corrections Cabinet concluded that Calloway's ten-year sentence should be treated as one which ran consecutively to the seven-year sentence.
 
 
 3
 In his present petition for a writ of habeas corpus, Calloway argued that he has suffered double jeopardy because the ten-year silent sentence has now been increased to a ten-year consecutive sentence, thereby constituting an added penalty. The district court dismissed the petition as an abuse of the writ. Calloway's motion to reconsider was denied in an order entered December 5, 1995, and amended December 11, 1995. This timely appeal followed.
 
 
 4
 Upon review, we conclude that Calloway's current petition for a writ of habeas corpus was properly dismissed as an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Proceedings. Calloway sought review of a claim that he could have raised at an earlier opportunity, but for his inexcusable neglect to do so. See McCleskey v. Zant, 499 U.S. 467, 487-88 (1991). Moreover, Calloway has not met his burden of establishing cause and prejudice to excuse his default. Id. at 493-95. Further, this is not a case where the ends of justice require this court to entertain the current petition. Id. at 494. As the district court noted, Kentucky statutes and case law clearly address when sentences for new offenses must run consecutively with any other sentence. Under Kentucky law, a sentence imposed for a new offense committed while on parole or probation must run consecutively with any other sentence. See Ky.Rev.Stat.Ann. § 533.060. Consequently, silence in such a sentence as to whether it should be consecutive or concurrent is irrelevant and gives rise to no presumption that it should be concurrent. For this reason, the Double Jeopardy Clause is not implicated.
 
 
 5
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.